791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHERRILL EDWARD SINGER, Plaintiff-Appellant
v.
RICHARD E. BRIDWELL, et al., Defendants-Appellees
LT. CHARLES RUSH; SGT. MARTIN; ST. BILL FULTON; CHARLES
JOHNSON ZANESVILLE POLICE DEPT., Defendants-Appellees.
 83-3858
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL,* District Judge.
 PER CURIAM.
 
 
 1
 Sherrill Edward Singer brings this action against three Muskegon County, Ohio prosecuting attorneys and four Zanesville, Ohio police officers pursuant to 42 U.S.C. Sec. 1983. Singer claims that the defendants conspired to violate his civil rights by arresting and re-indicting him after his previous conviction for the same crime had been reversed.
 
 
 2
 The protracted lower court proceedings in this case are easily summarized. In 1975, Singer was convicted by a jury for four felonies and one misdemeanor arising out of a December, 1974 robbery. State v. Singer, No. C74-164 (1975). Two years later the Supreme Court of Ohio reversed the conviction because Singer was not tried within the time frame prescribed by the Ohio Speedy Trial Act, O.R.C. Sec. 2945.73(B). State v. Singer, 50 Ohio St. 2d 103, 362 N.E.2d 1216 (1977).
 
 
 3
 Later in 1977, a new complaint was issued against Singer charging him with two different felonies arising out of the same December, 1974 robbery which formed the basis for his initial conviction. The complaint and its accompanying warrant were prepared by the defendants, and a prosecutor represented the State at Singer's preliminary hearing. A state court grand jury returned a four-count indictment in this second action, but the indictment was dismissed on pretrial motion by Singer's counsel. The dismissal was affirmed by an Ohio Court of Appeals, and the Ohio Supreme Court declined to review the decision.
 
 
 4
 Singer then filed this lawsuit, claiming that the named prosecutors and police officers had conspired to deprive him of his civil rights in violation of 42 U.S.C. Sec. 1983. The trial court dismissed the state prosecutors as defendants pursuant to Rule 12(b)6, Fed. R. Civ. P. The remaining defendants, law enforcement officers for the City of Zanesville, Ohio, were acquitted after a jury trial. Singer now appeals both the trial court's dismissal of the state prosecutors as defendants and the jury verdict for the law enforcement officers.
 
 
 5
 We believe that the district court correctly dismissed the three state prosecutors as defendants. Under the doctrine of Imbler v. Pachtman, 424 U.S. 409, 431 (1976), a state official is entitled to absolute immunity for all prosecutorial activities. See also Butz v. Economou, 438 U.S. 478 (1977). The prosecutors' actions in this case were within the scope of activities protected by Imbler and Economou. Under Ohio law, a prosecutor has the authority to represent the state at the preliminary hearing of a person charged with a felony. O.R.C. Secs. 2935.01(c), 2937.11, 309.08.
 
 
 6
 The trial court denied the defendant police officers' motion for summary judgment based on immunity, and the case was tried to a jury. Singer does not argue that the jury instructions as given were incorrect. Instead, he contends that the police officers did not in fact act in good faith and as a result the jury's verdict for the officers was against the weight of the evidence. Singer did not move for a directed verdict, a judgment notwithstanding the verdict, or a new trial, and thus has failed to preserve this issue for appeal. Southern Rwy. Co. v. Miller, 285 F.2d 202 (6th Cir. 1960). Even overlooking this procedural default, a jury's verdict may not be reversed unless 'reasonable minds could not come to a different conclusion.' Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 579 (6th Cir. 1979); Morelock v. NCR Corp., 586 F.2d 1096, 1104-05 (6th Cir. 1978). We believe that sufficient evidence in the record supports the jury's verdict, and the decision of the district court is therefore affirmed.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation